IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas

**ENTERED**

July 06, 2020

David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No.  4:20-cv-547 |
| v. | ) | |
| | ) | |
| US DEVELOPMENT GROUP, LLC, USD, LLC, | ) | |
| and CBRH HOLDINGS, LLC | ) | **STIPULATION OF** |
| | ) | **SETTLEMENT AND ORDER** |
| Defendants. | ) | |

WHEREAS, Plaintiff, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action ("Complaint") against US Development Group, LLC ("USDG"), USD, LLC ("USDL"), and CBRH Holdings, LLC ("CBRH") (collectively, "Defendants") pursuant to Section 113(b) of the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. § 7413(b), for violations of the Prevention of Significant Deterioration ("PSD") provisions and underlying regulations, 42 U.S.C. §§ 7470-7492 and 40 C.F.R. § 52.21, and, alternatively, the Federal Minor New Source Review Program in Indian Country ("Tribal MNSR") regulations, 40 C.F.R. §§ 49.151-49.165, and the New Source Performance Standards ("NSPS") and underlying regulations, 42 U.S.C. § 7411 and 40 C.F.R. Part 60, Subparts A and Kb. ECF No. 1.

WHEREAS, Defendants have raised certain defenses and do not admit to any violations or any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

WHEREAS, the United States and Defendants (collectively, the "Parties") agree that settlement of the United States' claims against Defendants, without further litigation, is in the public interest.

WHEREAS, the Parties have filed this Stipulation and Order ("Stipulation") with the Court before Defendants' response to the Complaint is due.

WHEREAS, the Parties further agree that the Court's approval of this Stipulation is an appropriate means of resolving the claims for civil penalties in this action.

NOW, THEREFORE, before the taking of any testimony, without adjudication or admission of any fact or law, and with the consent of the Parties, it is hereby agreed and stipulated as follows:

1.      Jurisdiction and Venue. This Court has jurisdiction over the Parties and over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355 and Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

2.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395, as well as Section 113(b) of the CAA, 42 U.S.C. § 7413(b), because it is the judicial district where Defendants conduct business.

3.      For the purposes of this Stipulation, or any action to enforce this Stipulation, Defendants consent to the Court's jurisdiction over this Stipulation and consent to venue in this judicial district.

4.      For the purposes of this Stipulation, Defendants agree that the Complaint states claims upon which relief may be granted pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

5.     This Stipulation does not affect or relieve Defendants of their responsibility to comply with applicable federal, state, or local laws, regulations, and permits.

6.     <u>Definitions</u>. Terms used in this Stipulation that are defined in the Act or in regulations promulgated under the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Stipulation. Whenever the terms set forth below are used in this Stipulation, the following definitions shall apply:

a.     "Complaint" shall mean the complaint filed by the United States in this action.

b.     "Day" shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Stipulation, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

c.     "Defendants" shall mean US Development Group, LLC, USD, LLC, and CBRH Holdings, LLC.

d.     "Effective Date" shall be the date upon which this Stipulation is entered by the Court.

e.     "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

f.     "Paragraph" shall mean a portion of this Stipulation identified by an Arabic numeral.

g.     "Parties" shall mean the United States and Defendants.

h.     "United States" shall mean the United States of America, acting on behalf of the EPA.

7.      Civil Penalty. Defendants shall, within 30 Days of the Effective Date, pay a civil

penalty in the total amount of $2,400,000.00. If the civil penalty set forth in this Paragraph is not

paid within 30 Days after the Effective Date of this Stipulation, Defendants shall pay the civil

penalty plus stipulated penalties and interest in accordance with Paragraph 9, and if incurred, the

costs of enforcement and collection pursuant to Paragraph 23.

8.      Defendants shall pay the civil penalty due by FedWire Electronic Funds Transfer

to the U.S. Department of Justice account, in accordance with instructions provided to

Defendants by the Financial Litigation Unit of the United States Attorney's Office for the

Southern District of Texas ("FLU") after the Effective Date. The payment instructions provided

by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which

Defendants shall use to identify all payments required to be made in accordance with this

Stipulation. The FLU will provide the payment instructions to:


> Adam Altsuler
> USD Group LLC
> 811 Main Street, Suite 2800
> Houston, TX 77002
> 281-291-3995 office
> aaltsuler@usdg.com

who is hereby designated to receive such instructions on behalf of Defendants. At the time of

payment, Defendants shall provide written notice of payment to the United States as provided

below:

As to the United States by email:      eescdcopy.enrd@usdoj.gov
                                       Re: DJ # 90-5-2-1-11523

As to the United States by mail:       EES Case Management Unit
                                       Environment and Natural Resources Division
                                       U.S. Department of Justice
                                       P.O. Box 7611
                                       Washington, D.C. 20044-7611
                                       Re: DJ # 90-5-2-1-11523

As to EPA:       CINWD_acctsreceivable@epa.gov

           Laurie Ostrand
           Ostrand.Laurie@epa.gov

           And one of the following:

           (for U.S. Postal Service mailings)
           U.S. Environmental Protection Agency
           Cincinnati Finance Center
           26 W. Martin Luther King Drive
           Mail Code AG20
           Cincinnati, Ohio 45268

           or

           (for UPS, Federal Express, or Overnight Mail)
           U.S. Environmental Protection Agency
           Cincinnati Finance Center
           4411 Montgomery Rd., Suite 300
           Norwood, Ohio 45212
           Phone: (513) 487-2081

The notice of payment shall state that the payment is for the civil penalty owed pursuant to the Stipulation of Settlement and Order in *United States. v. US Development Group, LLC, et al.* and shall reference the civil action number, CDCS Number and DOJ reference number 90-5-2-1-11523.

   9.  <u>Stipulated Penalties and Interest</u>. If the civil penalty is not fully paid within 30 Days of the Effective Date, Defendants shall pay a stipulated penalty of $1,000 per Day for each Day that the payment is delayed beyond the due date. Interest shall accrue on the unpaid balance of the civil penalty at the statutory judgment rate established by 28 U.S.C. § 1961.

   10.  Stipulated penalties are due and payable within 30 Days after the date of the demand for payment of the penalties by the United States. Stipulated penalties shall accrue regardless of whether the United States has notified Defendants or made a demand for payment,

but need only be paid upon demand. Stipulated penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

11.     If Defendants fail to pay stipulated penalties within 30 Days of the demand for payment by the United States, Defendants shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the Day payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendants' failure to pay any stipulated penalties.

12.     Defendants shall pay stipulated penalties owed to the United States pursuant to Paragraph 9 in the manner set forth in Paragraph 8, except that the confirmation notice shall state that the payment is for stipulated penalties.

13.     The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due to the United States under this Stipulation.

14.     All payments required by this Stipulation are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not tax deductible expenditures for purposes of federal law.

15.     <u>Information Collection and Retention</u>. Until five years after the Effective Date of this Stipulation, Defendants shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in their or their contractors' or agents' possession or control, or that come into their or their contractors' or agents' possession or control, and that relate in any manner to the violations alleged in the Complaint. This Stipulation does not limit or affect any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal or state laws, regulations, or permits, nor does

6

it limit or affect any duty or obligation of Defendants to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

16.     <u>Effect of Settlement</u>. Subject to Paragraph 17 (Reservation of Rights) and Paragraph 18, the payment by Defendants under this Stipulation shall resolve only the civil penalty claims of the United States against Defendants under Section 113(b) of the CAA, 42 U.S.C. § 7413(b), for the violations alleged in the Complaint filed in this action.

17.     <u>Reservation of Rights</u>. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation, except as expressly stated in Paragraph 16. This Stipulation shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal or state laws, regulations, or permit conditions, except as expressly specified in Paragraph 16. The Defendants reserve all of their rights to contest and defend against any claims for penalties, injunctive relief and/or other enforcement actions by the United States except for the claims for civil penalty resolved by this Stipulation in Paragraph 16, or as otherwise agreed to in this Stipulation, including those expressly specified in Paragraph 18 and Paragraph 21.

18.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to Defendants' violations, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusions, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in this subsequent proceeding were or should have been brought in the instant case, except with respect to claims for civil penalty that have been specifically resolved pursuant to Paragraph 16.

19.     This Stipulation does not limit or affect the rights of Defendants or of the United States against any third parties not party to this Stipulation, nor does it limit the rights of third parties, not party to this Stipulation, against Defendants, except as otherwise provided by law.

20.     The Stipulation shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Stipulation.

21.     By the execution of this Stipulation, Defendants release and shall hold harmless the United States, their instrumentalities, agents, and employees, in their official and personal capacities, of any and all liability or claims arising out of or otherwise related to the negotiations leading to this Stipulation and all matters contained therein.

22.     Defendants consent to entry of this Stipulation without further notice and agree not to withdraw from or oppose entry of this Stipulation by the Court or to challenge any provisions of the Stipulation, unless the United States has notified Defendants in writing that it no longer supports entry of the Stipulation.

23.     This Stipulation shall constitute an enforceable judgment for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 30001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties and interest. Further, Defendants shall be liable for attorney's fees and costs incurred by the United States in any litigation to collect any amounts due under this Stipulation but not paid by Defendants.

24.     Signatories. Each undersigned representative of Defendants and the Assistant Attorney General for the Environment and Natural Resources Division of the U.S. Department of

Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind the Party he or she represents to this document.

25.     This Stipulation may be signed in counterparts, and its validity shall not be challenged on that basis.

26.     <u>Integration</u>. This Stipulation constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Stipulation and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation.

27.     <u>Final Judgment</u>. Upon approval and entry of this Stipulation by the Court, this Stipulation shall constitute a final judgment of the Court as to the United States and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS DAY of    July 6, 2020.

_____
United States District Judge
Southern District of Texas

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement and Order in the matter of *United States v. US Development Group, LLC, et al.*

FOR THE UNITED STATES OF AMERICA

JEFFERY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 2 / 7 / 20

DEVON A. AHEARN (Bar No. CA 307275)
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
T: (202) 514-2717
F: (202) 514-0097
Devon.Ahearn@usdoj.gov

STACY D. COLEMAN (Bar No. DC 994961)
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
T: (303) 844-7240
F: (303) 844-1350
Stacy.Coleman@usdoj.gov

RYAN K. PATRICK
United States Attorney
Southern District of Texas

Local Counsel:

DANIEL D. HU
Assistant United States Attorney
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300
Houston TX 77002
T: (713) 567-9518
F: (713) 718-3303
Daniel.Hu@usdoj.gov

Case 4:20-cv-00547   Document 18   Filed on 07/06/20 in TXSD   Page 12 of 14

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement and Order in the matter of *United States v. US Development Group, LLC, et al.*

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: _11/1/2019_

GREGORY SOPKIN
Regional Administrator
United States Environmental Protection Agency
1595 Wynkoop Street
Denver, CO 80202

Date: _10/31/2019_

KENNETH C. SCHEFSKI
Regional Counsel
United States Environmental Protection Agency
1595 Wynkoop Street
Denver, CO 80202

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement and Order in the matter of *United States v. US Development Group, LLC, et al.*

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 12/2/2019

SUSAN PARKER BODINE
Assistant Administrator
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency

Date: 11/18/2019

PHILLIP A. BROOKS
Director, Air Enforcement Division
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency

Date: 11/15/2019

TERESA E. DYKES
Attorney, Air Enforcement Division
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency

13

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement and Order in the matter of *United States v. US Development Group, LLC, et al.*

FOR THE DEFENDANTS US DEVELOPMENT GROUP, LLC; USD, LLC; AND CBRH HOLDINGS, LLC.

Date: October 20, 2019

EDWARD LEWIS
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
T: (713) 651-3760
F: (713) 651-5246
eddie.lewis@nortonrosefulbright.com
*Attorney for US Development Group, LLC; USD, LLC; and CBRH Holdings, LLC*

14